UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED,

      Petitioner,

v.                                                    Case No. 8:13-cv-2982-T-24 TGW

PATRICK RYAN BRAY,

      Respondent.
_____/

**ORDER**

This cause comes before the Court on Petitioner's Motion for Attorney's Fees and Costs. (Doc. No. 12). Respondent, proceeding *pro se*, opposes the motion. (Doc. No. 14). As explained below, the motion is granted.

**I. Background**

Petitioner Merrill Lynch arbitrated a dispute with Respondent Patrick Bray regarding his failure to repay a promissory note that he executed.[1] On October 16, 2013, prior to the arbitration, Bray stipulated that: (1) he executed the promissory note; (2) the promissory note was enforceable; (3) the principal amount due was $335,491.88; (4) interest was accruing at 2.95% as of October 28, 2011; and (5) the promissory note provides for the recovery of reasonable attorneys' fees and costs. (Doc. No. 1-5).

The arbitration occurred in Tampa, Florida, and the arbitrators issued their decision and award on November 21, 2013. (Doc. No. 1-1). The arbitration award provides two things. First, it provides that Bray is liable to Petitioner for damages of $335,491.88, plus prejudgement

---

[1] Bray asserted counterclaims in the arbitration, but he did not prevail on any of them.

interest of $20,254.98 under the promissory note. Second, the arbitrators determined that, pursuant to the terms of the promissory note, Petitioner is entitled to attorneys' fees incurred in collecting the amount due under the note and that the amount to be awarded shall be determined by the court.

Petitioner moved to confirm the arbitration award, and the Court granted Petitioner's motion. (Doc. No. 19). Also pending was Petitioner's motion for attorneys' fees and costs, in which Petitioner seeks $26,929.70 in attorneys' fees and costs. (Doc. No. 12). In response, Bray made the following vague assertions:

> [Bray] denies the request by [Petitioner] for an award of attorney fees for an undetermined and undisclosed amount.
> \*   \*   \*
> [Bray] opposes an award for attorney fees outside of the scope of limited expense for [Petitioner] to defend their claim. It is clear that [Petitioner] did not have to defend their claim against [Bray] as there was a joint stipulation done prior to the hearing. This was done for the sole purpose of an offset thru [sic] [Bray's] counterclaim but unfortunately [Bray's] evidence was not heard in full light by the arbitrators. Lastly, [Petitioner] has yet to even produce a dollar amount to dispute.

(Doc. No. 14, p. 1-2).

It appeared to the Court that Bray may not have been aware of the separately filed motion for attorneys' fees that set forth the amount sought and the basis for the request. Therefore, the Court gave Bray another opportunity to respond to the motion. Specifically, the Court stated:

> On December 13, 2013, Petitioner filed a motion for attorneys' fees and costs consistent with the arbitration award's acknowledgment that Petitioner was entitled to attorneys' fees incurred in collecting the amount due under the note. (Doc. No. 12). Bray has not specifically responded to this motion. Instead, in his response to Petitioner's motion to confirm the arbitration award, Bray argues that Petitioner did not have to incur attorneys' fees at the arbitration to collect on the promissory note, because he had stipulated to the

> underlying facts. However, a review of the attorneys' fee motion shows that Petitioner is seeking attorneys' fees for the two years' worth of work expended to collect on the note prior to the stipulation. Accordingly, the Court will give Bray one final opportunity to respond to Petitioner's motion for attorneys' fees and costs. If Bray fails to file a response by February 14, 2014, the Court will consider the motion for attorneys' fees and costs to be unopposed.

(Doc. No. 19). Bray never filed an additional response to Petitioner's motion for attorneys' fees and costs, and as such, the Court deems the motion to be unopposed.

## II. Motion for Attorneys' Fees and Costs

Petitioner seeks $26,929.70 in attorneys' fees and costs, which consists of the following: (1) $19,604.70 in attorneys' fees and (2) $7,325 in arbitration costs. The Court finds that these amounts are reasonable and should be awarded. Specifically, the Court has reviewed the hourly rates and billing entries that make up Petitioner's request for attorneys' fees. The Court finds that the hourly rates are reasonable and that the amount of time expended is reasonable. Furthermore, the arbitration costs were incurred in connection with Petitioner's collection of the amount due under the promissory note.

## III. Conclusion

Accordingly, is ORDERED AND ADJUDGED that:

(1) Petitioner's Motion for Attorney's Fees and Costs (Doc. No. 12) is **GRANTED**.

(2) Petitioner is awarded $26,929.70 in attorneys' fees and costs.

(3) The Clerk is directed to amend the judgment in this case (Doc. No. 20) to add the following sentence: "4. Additionally, judgment is entered in favor of Merrill Lynch and against Bray in the amount of $26,929.70, representing attorneys' fees and costs that Merrill Lynch incurred in collecting the balance of the loan secured

3

by the Promissory Note."

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of March, 2014.

                                                SUSAN C. BUCKLEW
                                                United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant